IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

Jerry Davis 353306
(full name)                    (Register No).

_____

Plaintiff(s).

Case No. 07-3234-CV-S-RED-P

Circuit Court of St. Louis City;
(Full name)  Crawfor Davis Thompsons;
Judge Jarisburger; Judge Riley;
Elizabeth Sabilia; Brian Moore
Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.  Place of present confinement of plaintiff(s): South Central Corr.
Center 255 W. Hwy 32 Licking, Mo. 64452

II.  Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Jerry Davis               Register No. 353306
Address 255 W. Hwy 32 Licking, Mo. 65542

B. Defendant State of Missouri Circuit Court
of St. Louis (City)
Is employed as _____

For additional plaintiffs or defendants, provide above information in same format on a separate page.

Section II.B. continued...

Judge Riley is employed as Circuit Court Judge of the 22nd Judicial Circuit

Elizabeth Sabina is employed as Probation Officer for the City of St. Louis

Erica Moore is employed as Probation Officer for Fort Worth, Texas

Cenikor Drug Treatment Program is employed as a Treatment and Therapeutic Community by the State of Missouri - Alicia Patrizio; Phillip Rodriquez; Leonard Fisher

Leonard Fisher is employed as Supervisor of the Cenikor Drug Treatment Program in Fort Worth, Texas

Attachment

Section II. B. continued...
2. Joan M. Burger is employed as
   Circuit Judge 22nd Judicial Circuit

Section VII. D. continued...
Institution under statutory authority to provide
that jail-time be provided by court and/or jailor.
(see attachment)

Section IX. C. continued...
1. State of Missouri v. Davis & Probation and Parole
   File: June 12, 2007
   Circuit Court of St. Louis (City)
   Case No. 971-2902
   Motion for Probation Time Credit
   6/29/2007 - Denied in favor of Defendant

2. Davis v. Mo. Dept. of Corrections
   Filed: August 15, 2005
   Circuit Court of Cole County
   Case No. 05AC-CC00023
   Petition for Declaratory Judgement
   Date of Disposition: Unknown - Denied in favor
      of Defendants - Appeal Taken

3. Davis v. Mo. Dept. of Corrections

Missouri Court of Appeal Eastern District
Case No. WD66074
Appeal Judgement of Circuit Court of
Cole County
September 12, 2006 - Affirmed Lower
Court Ruling in favor of Respondents

III. Do your claims involve medical treatment?  Yes _____  No ✓

IV. Do you request a jury trial?  Yes ✓  No _____

V. Do you request money damages?  Yes _____  No ✓
State the amount claimed?  $ _____ / _____ (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur?  Yes ✓ No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes ✓  No _____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?  Yes _____  NO ✓

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)

_____
_____
_____

D. If you have not filed a grievance, state the reasons.
Department of Corrections has stated that
jail time comes from the sentencing court and
they have authority over this issue and couldn't
must be made to the court. (SEE ATTACHMENT)

VIII. Previous civil actions:

IX. A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case:  Yes ✓  No _____

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?  Yes _____  No ✓

C. If your answer is "yes," to either of the above questions, provide the following information for each case.

(1) Style: Davis V. Mo. Dept. of Corr.
     (Plaintiff)        (Defendant)

(2) Date filed: 9-16-04

(3) Court where filed: Circuit Court of Texas County

(4) Case Number and citation: C48-04-447-DR

## MEMORANDUM

DATE:      January 25, 2005

TO:      Jerry Davis, #353306, 10A-108

FROM:      G. Fife, Records Officer III

SUBJECT:      Probation Credit

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

Your inquiry has been received.

In order for you to receive credit for time served on probation, the Judge has to order the credit by indicating how much time or between specific time periods. According to your Probation Revocation dated 12-13-2001 on cause 971-2902 the Judge did not order any credit for time served on Probation.

The only indication marked on your revocation is jail time allowed. In order to receive credit for time spent in a county jail, the sheriff's office for the county must send in a jail time endorsement. St Louis City did provide a jail time endorsement that indicated you had served the following dates in their facility:

       08-23-1997 to 09-10-1998 = 383 days
       11-15-2001 to 12-20-2001 =   35 days
           Total Credit      = 418 days

Once you are released by the courts to probation, your institutional time stops since you are no longer under the control of the Missouri Department of Corrections, you are under the control of the courts. If you feel that you were to be granted credit for time spent on probation, you will need to contact the courts and have them send in a corrected or Amended Sentence & Judgment, directly to the Records Office, indicating how much credit you are to have for time spent on probation.

I have enclosed a new face sheet as a correction was made to your commitment count. Since you had 5 prior commitments when you committed the crime in case 971-2902 you are required to serve 80% of your sentence before being eligible for parole.

glf

cc:      file

12

(5) Basic claim made: _Declaratory Judgement_

(6) Date of disposition: _1-04-05_

(7) Disposition: _(resolved) Dismissal_

         (Pending) (on appeal) (resolved)

(8) If resolved, state whether for:

_n/a_

      (Plaintiff) or (defendant

For addition cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A.   State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

_SEE ATTACHMENT A-1, A-2_

B.   State briefly your legal theory or cite appropriate authority:

_SEE ATTACHMENT B-1, B2_

STATEMENT OF CLAIM: continued...

1. On July 27, 1998 plaintiff was convicted of the crime of Burlary 2nd Degree and sentenced to 15 years in case no. 971-2902 by the Circuit Court of St. Louis City Missouri.

2. Plaintiff's conviction was based on plaintiff's guilty plea.

3. The court accepted plaintiff's plea and imposed a Suspended Execution of Sentence with conditions of "120 day Drug TReatment" pursuant to Section 559.115 RSMo; and

4. Further imposed and compelled Drug Treatment in an out of state "CENIKOR DRUG TREATMENT FACILITY" located in Fort Worth, Texas.

5. Prior to being sent to the Cenikor Drug Treatment Facility Attorney Susan Gentle informed the court (Judge Burger) and state prosecution that the program was 24 months long.

6. Plaintiff states he was compelled to enter two drug treatment programs in violation of Section 559.026 which only authorizes a circuit court to impose a short period of detention up to a 120 days..." which is a Detention Condition that exceeded the courts authority and jurisdiction to impose upon plaintiff by the court a second and consecutive time.

7. Defendants purposely deducted 120 days of jail time served by plaintiff in confinement after conviction and sentence imposed pursuant to section 558.031.

8. Defendants failed and refused to adhere to the mandatory language of Section 559.026(3) where actions of officials is a ministerial duty to calculate and credit plaintiff with jail time in accordance to law.

9. Defendants violated plaintiff's 5th Amendment right under the double jeopardy clause by twice inflicting punishment upon plaintiff by confinement in a drug treatment program in the state of Missouri and Texas.

10. Defendants violated plaintiff's 14th Amendment right of the Due Process Clause by failing to prohibit multiple punishment for the same offense.

11. Plaintiff's sentence imposed by Judge Burger (case no. 971-2902) was run concurrent to and with Juge Riley's (case no. 961-2138) and that instructions based on agreement between the sentencing courts and probation and parole, Officer Beth Sabina, plaintiff would be released from all probation and noted such agreement in writing from Officer Sabina. (see attachment)

A-1

12. Defendant, Judge Burger, agreed to those conditions noted in item 11 as set forth by Judge Riley.

13. Judge Burger being completely responsible to adhereing to the law did, in fact, impose confinement in a Drug Treatment Program inside Missouri Department of Corrections.

14. Due to the sentences being run concurrent and each courts compelled drug treatment inside MDOC, Judge Burger has failed and or refused to note the incarceration of an additional Drug Treatment Program initiated and agreed upon by Judge Burger in violation of the statutory provision section 559.115.

15. Plaintiff's right to be free from Double Jeopardy under the 5th Amendment U.S.C.A. actionable by the Due Process Clause was clearly violated when the court knew and or should have known that confining plaintiff for Drig Treatment in a supervised In-House Theraputic/Drug Treatment Community outside the state of Missouri pursuant to section 559.115 violated plaintiffs statutory right under Section 559.026.

16. Plaintiff was in "OFFICIAL CUSTODY" while residing at Cenikor as an Order of Judge Riley's court, to which, held the ruling authority to note violations of any conditions mandated by Probation rules, regulations and laws.

17. Judge Burger violated plaintiff's right under the Due Process Clause of the 14th Amendment U.S.C.A. by failing and or refusing to perform her ministerial duty according to law pursuant to Section 559.036.3 and credit Mr. Davis to the "Official Custody" of Cenikor Drug TReatment Facility.

18. Plaintiff states that if it is true that sections 559. 100.2 and 559.036 and the discetion of the court are the provisions for mitigatingsentence of imprisonment by reduction of the prison term, plaintiff declares the right to the provisions of section 559.026.

19. Defendants violated plaintiff's right under section 559 .026.3 inwhich the court knew that it's ministerial duty to endorse jail time credit upon revocation of probation and imprisonment imposed pursuant to Davis v. State, 712 S.W.2d 50,52 (Mo.App. E.D. 1986)

20. Plaintiff argued these issues in lower court and. was denied based on Plaintiff, not raising earlier in his declaratory Judgement petition.

21. Department of Corrections has refused to adjust the Plaintiffs record indicating Plaintiffs incarceration time pursuant to Section 559.026.3 for that time spent in Missouri Dept. of Corrections Drug Treatment Program in Farmington, Missouri.

SECTION IX.B.: continued...

    The question is whether a plaintiff has to assert his right to the court at the time when the court begins review and understand the issue at hand. In this case plaintiff seeks credit from the court compelled Order of official confinement in the custody CENIKOR DRUG TREATMENT PROGRAM in Fort Worth, Texas pursuant to violation of section 559.026.3 which limits the courts action and prohibit consecutive detention, while on probation, without cause. Further, the confinement to the Cenikor Drug Treatment Facility was in violation of the Double Jeopardy Clause because the court had already imposed a detention period in Missouri Department of Correction Drug Treatment pursuant to section 559.115 RSMo.

    It is clear that the ruling authority over plaintiff's person and probation period belonged to Judge Riley in case no. 961-2138 as Judge Burger in case no. 971-2902 ran that case concurrent and with the case of Judge Riley's. Being conscious of that authority, plaintiff will show that no action was permissible outside Judge Riley's jurisdictional authority and that Judge Riley's finding that plaintiff committed no violation, to which Judge Burger relied on, constitutes violation of plaintiff's Due Process right in serving concurrent sentencing. And too, those violations of conditions of probation , to which Judge Burger relies, set forth conditions in oppostion to Judge Riley's, simultaneously, constituting ambiguity and vageness. Plaintiff could not know what was to expected of him in this matter as mitigating circumstances which involves the directives of the court at the time plaintiff was compelled and the courts failure to amend it's Order based on the specifics of the Cenikor program requirements regarding length inwhich the attendants graduated. Plaintiff will show that Cenikor Drug Treatmnet changed it's requirements to 30 months, increasing confinement 6 months,,from the courts knowledge of 24 months. U.S v. Brierton, 165 F.3d 1133 (1999)

    Judge Burgers sentence, which ran concurrent with Judge Riley's, failed to inform plaintiff of any changes made in the information of confinement to the official custody of Cenikor. Moreover, acting on instructions from probation Officer ~~Elizabeth J. Sabina~~, plaintiff was instructed to complete the time frame of which they (Officer Sabina and the Court) maintained of 24 months. (see sworn affidavit)

    More importantly, jurisdictional authority over plaintiff was transferred to Judge Riley by Judge Burger when Judge Burger ran case no. 971-2902 concurrent with case no. 961-2138 pursuant to Missouri Constitution Article v. Section 14 and Revised Statute Section 541.020, Ava v. Yost, 375 S.W.2d 884, 1964 Mo. App. Lexis 713 (Mo. Ct..App. 1964), and too, pursuant to section 217.722.2,3 plaintiff was to appear only before the court which issued the initial probation and not have to sffer twice in being tried for the same offense in a n additional court and that original jurisdiction is but a single trial court, State ex rel. Stanton v. McGuire, 795 S.W.2d 99, 1990 Mo. App. 1329 (MO. Ct. App. 1990); RSMo. 217.490 Article V.-7.

*B-1*

Judge Riley on review of the probation violation report found that no violation occurred and that plaintiff had completed all that he had asked of that court and dismissed the plaintiff from that probation period to which Judge Burger transferred autority and jurisdiction with only the instructions of condition of a period of detention and probation (Section 557.011.2.5) to which will run concurrent and with that of the first court. By this, the court of judge Burger was without and lacked jurisdiction of the subject matter in hearing the probation violation report and rule, after Judge Riley, in complete opposition to Judge Riley's decision. Furthermore, this illustrates that niether court possess the right and lacked authority and statutory right to impose a second and successive confinement or detention pursuant to Section 557.011.2.5, thus violating plaintiff's right to jail time credit, all to which violates the Double Jeopardy Clause of the United States Constitution and the multiple statutory provisions herein.

B-2

(2) In felony cases, the period of detention under this section shall not exceed one hundred twenty days.

(3) If probation is revoked and a term of imprisonment is served by reason thereof, the time spent in a jail, workhouse or other institution as a detention condition of probation shall be credited against the prison or jail term served for the offense in connection with which the detention condition was imposed. (L.1977, S.B. No. 60, p. 662, § 1, eff. Jan. 1, 1979. Amended by L.1995, H.B. No. 424, § A.)

#### Comment to 1973 Proposed Code

This "split sentence" provision is derived from 18 U.S.C.A. § 3651. The basic purpose of the provision is to permit the shock of relatively short-term imprisonment in a disposition which is primarily probation for a much longer period of time. Availability of such short term detention is particularly important in cases involving young persons who should not be kept in prison or jail over long periods of time, but who would be quite likely to benefit from such "shock treatment". Also, the provision for intermittent detention permits great flexibility. For example, a judge could permit a man to keep his job and still serve nights or weekends in jail. A married man could thus be punished with imprisonment without the risk that this would put his family on the welfare rolls.

This provision does not apply to "detention" imposed for purposes of physical or mental treatment. If a judge believes the offender should receive psychiatric treatment in an institution as a condition of probation, there should be no short time limit on such detention fixed by the judge or by statute. In such cases, the judge retains discretion under § 559.036, subsection 3, to mitigate any later prison or jail term by all or part of the time the offender was on probation.

#### Historical and Statutory Notes

The 1995 amendment increased the maximum period of detention in felony cases to 120 days, from 60 days.

#### Cross References

Prisoners, leave from jail, see § 221.170.

#### Library References

Criminal Law ⊂⊃982.5.
WESTLAW Topic No. 110.
C.J.S. Criminal Law § 1556.

#### Notes of Decisions

In general  1
Penal institution  3
Sentence credit  2

**1. In general**

"Shock probation," the placing of a juvenile in jail for whatever time or reason, is illegal under the rules and statutes and is not to be undertaken except where specifically permitted by rule or law. In re L. L. W. (App. S.D. 1981) 626 S.W.2d 261.

Time limits for seeking postconviction relief are to be strictly adhered to and are not suspended in cases involving shock probation. Brown v. Gammon (App. W.D. 1997) 947 S.W.2d 437, rehearing and/or transfer denied.

286

---

Defendant's mistaken
granted probation after
if he completed drug
was reasonable and w:
resentations of trial cc
entitled to rely, as requ
that his guilty plea was
statement that it was g
portunity" to only serv
ed drug program did
opportunity was chanc
upon completion of pi
ceive probation based
of defendant's perform
defendant was not ques
concerning his underst
al, and at no time wa
granting of probatio
court's discretion or

**559.027. Repe:**

The repealed sectio
probation revocation h
proceeding, and not a

**559.029. Trans**

Any criminal ca:
judge in the circui
(L.1996, S.B. No. 86

The 1997 amendm
manner provided by lo
the concurrence of bot

**559.031. Trans**

Jurisdiction ove
imposed probatioi
other part of the
jurisdiction may a
tion has been tran
powers permissibl
of probation shal
court.
(L.1977, S.B. No. 6(

[1] Enrolled bill read '

Based on Fec
transfers betwe

X.    Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

*ORDER DEFENDANTS TO CREDIT TIME SPENT IN COURT COMPELLED DRUG TREATMENT IN MISSOURI AND TEXAS AS JAIL TIME CREDIT; DISMISS JUDGE BUTLERS RULING OR*

(SEE ATTACHMENT C)

XI.    Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.

*Khalifah A. M. Faruq*

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?    Yes _____ No ✓

     If so, state the names(s) and address(es) of each lawyer contacted.

_____

_____

C. Have you previously had a lawyer representing you in a civil action in this court?    Yes _____ No ✓

   If so, state the lawyers name and address.

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this __12__ day of __July__ 20_0_7

_____
(Signatures of Plaintiff(s)

SECTION X. CONTINUED...

PLAINTIFF'S PROBATION VIOLATION NULL AND VOID

**State of Missouri**
**DEPARTMENT OF CORRECTIONS**
**South Central Correctional Center**

## MEMORANDUM

**TO:**   DAVIS, Jerry #353306 H.U. 5D-158T

**FROM:**   Michelle Holden, Records Officer I

**DATE:**   July 18, 2007

**RE:**   Incarceration Dates

---

I can verify your dates of incarceration of the following:

Seq. 1/Cause 961-2138
05/05/1997 to 08/22/1997 Released on Probation

Seq. 2/Cause 971-2902
09/10/1998 to 12/30/1998 Released on Probation

This office does not provide a "Letter of Incarceration" per offender request. The agency requesting the information will need to contact our office directly. If you have a request in writing, you may send it with a self-addressed stamped envelope to our office and we will provide the agency with the requested information.

cc: file 353306

(2) In felony cases, the period of detention under this section shall not exceed one hundred twenty days.

(3) If probation is revoked and a term of imprisonment is served by reason thereof, the time spent in a jail, workhouse or other institution as a detention condition of probation shall be credited against the prison or jail term served for the offense in connection with which the detention condition was imposed. (L.1977, S.B. No. 60, p. 662, § 1, eff. Jan. 1, 1979. Amended by L.1995, H.B. No. 424, § A.)

### Comment to 1973 Proposed Code

This "split sentence" provision is derived from 18 U.S.C.A. § 3651. The basic purpose of the provision is to permit the shock of relatively short-term imprisonment in a disposition which is primarily probation for a much longer period of time. Availability of such short term detention is particularly important in cases involving young persons who should not be kept in prison or jail over long periods of time, but who would be quite likely to benefit from such "shock treatment". Also, the provision for intermittent detention permits great flexibility. For example, a judge could permit a man to keep his job and still serve nights or weekends in jail. A married man could thus be punished with imprisonment without the risk that this would put his family on the welfare rolls.

This provision does not apply to "detention" imposed for purposes of physical or mental treatment. If a judge believes the offender should receive psychiatric treatment in an institution as a condition of probation, there should be no short time limit on such detention fixed by the judge or by statute. In such cases, the judge retains discretion under § 559.036, subsection 3, to mitigate any later prison or jail term by all or part of the time the offender was on probation.

### Historical and Statutory Notes

The 1995 amendment increased the maximum period of detention in felony cases to 120 days, from 60 days.

### Cross References

Prisoners, leave from jail, see § 221.170.

### Library References

Criminal Law ⚖=982.5.
WESTLAW Topic No. 110.
C.J.S. Criminal Law § 1556.

### Notes of Decisions

In general   1
Penal institution   3
Sentence credit   2

**1. In general**

"Shock probation," the placing of a juvenile in jail for whatever time or reason, is illegal

under the rules and statutes and is not to be undertaken except where specifically permitted by rule or law. In re L. L. W. (App. S.D. 1981) 626 S.W.2d 261.

Time limits for seeking postconviction relief are to be strictly adhered to and are not suspended in cases involving shock probation. Brown v. Gammon (App. W.D. 1997) 947 S.W.2d 437, rehearing and/or transfer denied.

286

Defendant's mistaker
granted probation after
if he completed drug |
was reasonable and w:
resentations of trial c(
entitled to rely, as requ
that his guilty plea was
statement that it was g
portunity" to only serv
ed drug program did
opportunity was chanc
upon completion of pi
ceive probation based
of defendant's perforn
defendant was not que:
concerning his underst
al, and at no time wa
granting of probatio
court's discretion or

**559.027. Repe:**

The repealed section
probation revocation h
proceeding, and not a

**559.029. Tran:**

Any criminal ca:
judge in the circui
(L.1996, S.B. No. 86

The 1997 amendm
manner provided by lo
the concurrence of bot

**559.031. Tran:**

Jurisdiction ove
imposed probatio1
other part of the
jurisdiction may a
tion has been tran
powers permissibl
of probation shal
court.
(L.1977, S.B. No. 6(
[1] Enrolled bill read '

Based on Fec
transfers betwe

Case 6:07-cv-03234-RED    Document 1    Filed 07/25/07    Page 16 of 26

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (St. Louis City)

**State of Missouri**

**VS.**

Jerry Davis

CASE NO. 961-2138    DIVISION 7    12-14-01    19__

## COURT ORDER

The Court discharges the defendant from probation because J. Burger sentenced the defendant to 15 years on cause 971-2902 on 12-13-01.

FILED

DEC 14 2001

MARIANO V. FAVAZZA
CIRCUIT CLERK
BY DEPUTY CLERK

50062
4PD

102-305 (Rev 1-90)

Missouri Department of Corrections
Board of Probation and Parole
FIELD VIOLATION REPORT

DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT
DOC Name: DAVIS, JERRY

DOC ID: 353306

District: ERA        Officer: E0048865  ELIZABETH SABINA
District Address: 2780 NORTH LINDBERGH
                  ST. LOUIS        MO   63114
Phone:            314-426-2498

---

Type of Report:          Supplemental              **Date:** 11/27/2001
Type of Violation:       Abs, Tec.
Conditions Violated:     Travel, Residency, Employment, Reporting/Directives
                         **No** Court Action Requested
Officer Recommendation:  Delayed Action

---

Program Placement
Status   Type                                Location
None

---

Sentence Name: DAVIS, JERRY
Sentence Status: Court Probation Suspension
PG:BURGLARY SECOND DEGREE (T) PRIOR & PERS OFF
Type: SES   Sentence Length: 12 yr
Term of Probation: 3 yr Extended 2 yr
District: ERA          Supervision Began: 08/22/1997   Expires: 01/22/2002
County: STLC   Circuit/Div: 22/7        Docket Number: 961-2138
Judge: JOHN J. RILEY

---

Violation Interview Date: 11/26/2001     Time: 02:30 P
Location: ST. LOUIS COUNTY JUSTICE CENTER

---

Y Offender Advised that Any Statements May be Included in Violation Report
Y Offender Given Booklet "Rights of Alleged Violator"
N Probation and Parole Violation Warrant Issued
Preliminary Hearing Not Applicable
IN CUSTODY? Y   Date: 11/14/2001
Location:

---

            *** FOR MISSOURI BOARD ABSCONDERS/ESCAPEES ONLY ***
Date of Absconder Warrant:            Date of Arrest:

---

Please refer to the initial violation report dated 07/23/2001.  This
officer has since conducted a violation interview with DAVIS concerning
the conditions that he has been cited for violating.

In regards to the violation of Condition #2-Travel: DAVIS stated that "My
mom was sick, and the officer in Texas wouldn't let me go because I ain't
got no traveling rights.  My mom died in old folks home two weeks ago."

Regarding Condition #3-Residency: DAVIS explained that the officer knew
where he was because he had previously asked to have permission to leave.
DAVIS said that he did not want to stay in Tarrant County because the only
place that he could afford he would be surrounded by drugs.  He had
previously gotten his car stolen while living in this area.

When asked about violating Condition #4-Employment: DAVIS said that he was
unable to keep his job because he did not have any way of getting there
after his car had been stolen.

Name:  DAVIS, JERRY         Exhibit-1                     DOC Id:   353306

AKPVIP
Time - 11:57:36

Missouri Department of Corrections
Board of Probation and Parole
FIELD VIOLATION REPORT

Page - a
Date - 12/10/01

DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT   DRAFT

DAVIS responded to the violation of Condition #8-Reporting/Directives in
the same way as above. He stated that he had no way of getting to the
office without a car as a mode of transportation.

Concerning the violation of Condition #10-Special Conditions, DAVIS
responded as follows:

10.1-Failure to complete aftercare: "I never did enter an aftercare
program, so how can I have not completed it? She told me I had time left
during my probation to get involved in aftercare." DAVIS also said that
he had successfully completed twenty-four months of treatment, and all
that he was lacking was the six months of aftercare.

10.2-Failure to pay court costs: "She said I paid court costs at the end,
same with the community service,"10.3- Failure to complete community
service).

If released, DAVIS stated that he would be living with his boss at his
home off of Pennsylvania (address unknown). The name of his boss was said
to be Tom O'Sullivan and his phone number is 314-638-0742. If released,
DAVIS reported that his employment plan is to continue with general
construction work/roofing under Tom O'Sullivan. Other free-lance work
DAVIS explained he will do is roofing for Area Wide Roofing under Larry
Lenard (314-550-1180) and Pardon Roofing and Siding under Roger Ryder
(314-554-9656).


IV.   RECOMMENDATION

This officer respectfully recommends Delayed Action pending the
disposition of this case.


V.   AVAILABILITY

DAVIS is currently in custody at the St. Louis County Justice Center in
Clayton, Missouri. He is immediately available to the Court at this time.

Respectfully submitted,


_____          _____
Elizabeth J. Sabina
Probation and Parole Officer       Unit Supervisor

Date: _____      Date: _____

/ejs (Date Created:  11/27/2001)


Exhibit-F1

DOC Name: DAVIS, JERRY                                    DOC ID: 353306

District: ERA          Officer: E0035045  CAROL BISHOP
District Address: 2780 NORTH LINDBERGH
                  ST. LOUIS        MO   63114
Phone:            314-426-2498
--------------------------------------------------------------------------------
Type of Report:         Initial                      Date: 07/23/2001
Type of Violation:      Abs, Tec.
Conditions Violated:    Travel, Residency, Employment, Reporting/Directives
                        Court Action Requested
Officer Recommendation: Capias, Suspension
--------------------------------------------------------------------------------
Program Placement
Status   Type                          Location
None
--------------------------------------------------------------------------------
Sentence Name: DAVIS, JERRY
Sentence Status: MO Field-Interstate Transfer
PG:BURGLARY SECOND DEGREE (T) PRIOR & PERS OFF
Type: SES  Sentence Length: 12 yr
Term of Probation: 3 yr Extended 2 yr
District: ERA        Supervision Began: 08/22/1997  Expires: 01/22/2002
County: STLC  Circuit/Div: 22/7         Docket Number: 961-2138
Judge: JOHN J. RILEY

Sentence Name: DAVIS, JERRY
Sentence Status: MO Field-Interstate Transfer
PG:BURGLARY SECOND DEGREE (T)
Type: SES  Sentence Length: 15 yr
Term of Probation: 3 yr
District: ERA        Supervision Began: 12/28/1998  Expires: 12/27/2001
County: STLC  Circuit/Div: 22/11        Docket Number: 971-2902
Judge: JOAN M. BURGER
--------------------------------------------------------------------------------
Violation Interview Date:              Time:
Location:
--------------------------------------------------------------------------------
_ Offender Advised that Any Statements May be Included in Violation Report
_ Offender Given Booklet "Rights of Alleged Violator"
N Probation and Parole Violation Warrant Issued
Preliminary Hearing
IN CUSTODY? N   Date:
Location:
--------------------------------------------------------------------------------
       *** FOR MISSOURI BOARD ABSCONDERS/ESCAPEES ONLY ***
Date of Absconder Warrant:             Date of Arrest:
--------------------------------------------------------------------------------

I.   INTRODUCTION

Violation of Condition #2-by leaving Tarrant County, Texas, without the
permission of his probation officer.

Violation of Condition #3-by failure to notify his probation officer of
his place of residency.

Name:  DAVIS, JERRY                                           DOC Id:  353306

Case 6:07-cv-03234-RED   Document 1   Filed 07/25/07   Page 20 of 26

ARrvir
Time -  8:42:50

Missouri Department of Corrections
rd of Probation and Parol
FIELD VIOLATION REPORT

rage -    z
Date -   8/28/01

Violation of Condition #4-by failure to maintain employment.

Violation of Condition #8-by failure to report as directed.

Violation of Condition #10.1-by failure to successfully complete the
CENTIKOR aftercare program in Forth Worth, Texas.

Violation of Condition #10.2-by failure to pay court costs.

Violation of Condition #10.3-by failure to complete community service work.

II.   PARTICULARS OF VIOLATION

We request that Your Honor suspend probation and issue a Capias.

Relative to the above violations:

On 7-12-01, this officer received a report from Fort Worth (Tarrant
County) Texas, Probation Officer Erika Moore which advised that Texas had
closed interest in DAVIS' case because he had violated numerous conditions
of probation and absconded.

According to Officer Moore's report, DAVIS left Tarrant County and moved
to Dallas County without her permission, and failed to notify her of his
place of residency.  The report stated further that DAVIS has not
maintained stable employment.  He has failed to report to the probation
office since March 2001, and failed to complete the Aftercare Program at
CENTIKOR, last reporting there on 3-20-01.  According to Officer Moore,
CENTIKOR staff advised that DAVIS got angry and walked out of aftercare
with six (6) months left to complete the program.

Relative to court costs and community service work:

Upon being placed on probation by Judge Burger on docket number 971-2902,
DAVIS was ordered to pay $252.50 in court costs.  On 3-30-99, Judge Burger
ordered DAVIS to perform ten (10) hours community service.  DAVIS has made
no payments toward court costs and has performed no community service work
to date.  Upon being placed on probation by Judge Riley on docket number
961-2138, DAVIS was ordered to pay court costs in the amount of $257.50.
DAVIS has made no payments to date.

DAVIS has been unavailable for a violation interview.  His version will be
submitted in a supplemental report after he has been taken into custody
and returned to Missouri.

III. OTHER VIOLATIONS

| Date | Conditions Violated | Recommendation | Action |
|------|---------------------|----------------|--------|
| 9-29-97 | #1 | Revocation | Continued/Extended |

IV.   RECOMMENDATION

Since DAVIS has failed to comply with the conditions of probation, we
request that Your Honor suspend probation and issue a Capias.

V.   AVAILABILITY

Name:  DAVIS, JERRY

5
Exhibit-E

1) You owe $226.50 - Court Costs
            $ 46.00 - Victims Fund
            $272.50

2) If you can pay in full before 12/13/01 you will be released

3) Money is sent to   1320 Market St.
                      Rm 102 - Clerks office

                 St. Louis, MO 63101

4) HAVE to get receipt and Fax it to: 314-426-4526
   attn: Beth Sabena
   before 10:00am on
          Thurs. Dec. 13th

- A 22 -
6

ARPVIF
Time - 8:42:50

Missouri Department of Corrections
Board of Probation and Parole
FIELD VIOLATION REPORT

Page - 3
Date - 8/28/01

DAVIS is an absconder whose whereabouts are unknown. He is, therefore, not available to the Court.

Respectfully submitted,


_____
Carol Bishop
Probation and Parole Officer

Date: _____

_____
Lisa H. Schulze
Unit Supervisor

Date: _____

CB/ajb (Date Created:  7/23/01)
cc: PPICU/Texas

Case 6:07-cv-03234-RED   Document 1   Filed 07/25/07   Page 23 of 26



**DEPARTMENT OF THE SHERIFF**
St. Louis, Missouri
James W. Murphy, Sheriff
Civil Courts Building
10 N. Tucker Blvd.
St. Louis, MO 63101   (314) 622-4851

# JAIL TIME CERTIFICATION

315-341 (ML91)

NAME _JERRY DAVIS_

PEDIGREE _w/m   2-11-49_          SSN# _487 54 1925_

CAUSE/PAROLE # _971-2302_

JURISDICTION _St. Louis City_

DATE OF SENTENCE _12-14-01_

INCARCERATED FROM        _8-23-97_    TO    _9-10-98_ ⟩ prit

                                     _11-15-01_    TO    _12-20-01_  35

                         _____    TO    _____

                         _____    TO    _____

TOTAL NO. OF DAYS ___ _419_ _____

_James W. Murphy_
Sheriff, City of St. Louis

By ___ _M. _____

## SWORN AFFIDFAVIT OF JERRY DAVIS

I, _Jerry Davis_, swear that the following informa-
tion is true and accurate and that the information written herein
specifically applies to the complaint hereto attached and state
the following:

1. Plaintiff is over 18 years of age and of sound body and
mind.

2. Plaintiff states the information is true and accurate
and relies on evidence of the court and law.

3. On April 1, 1997 in case No. 961-2138 plaintiff pled
guilty to felony Burlary Second Degree in Judge Riley's court
Division 7.

4. Judge Riley placed plaintiff on probation and sentenced
plAINTIFF TO INSTITUTIONAL DRUG TREATMENT in Missouri Department
of Corrections (MDOC) pursuant to Section 559.115 RSMo; and Susp-
ended Execution of Sentence.

5. Upon completion of the institutionally court compelled
drug treatment on or about August 21, 1997 plaintiff was placed
on 3 year probation.

6. Plaintiff was arrested again on a charge of Burglary,
alleged to have occurred on the same day plaintiff was released
fromMDOC Drug Treatment Program. (August 23, 1997).

7. On July 27, 1998 plaintiff pled guilty to Burglary in
the court of Judge Burger in case no. 971-2902 to a sentece of
15 years; and

8. Judge Burger ran plaintiff's case (Case No. 971-2902)
CONCURRENT WITH Judge Riley's case (no.961-2138) and sentenced
plaintiff to Missouri Department of Correction Drug Treatment
Program on December 28, 1998 in case no. 971-2902.

9. Upon completion of the MDOC Drug Treatment Juge Riley
and Judge Burger Ordered plaintiff to enter into the OFFICIAL
CUSTODY of CENIKOR DRUG TREATMENT PROGRAM in Fort Worth, TExas.

10. Plaintiff states both courts, Judge riley-Division 7
and Judge Burger-Division 11, respectively, agreed to Order plai-
ntiff to a secondterm of confinement, even though no violation of
plaintiff's probation in either judges court had been found prior
to the courts order.

11. Plaintiff states Attorney Susan Gentle instructed
plaintiff to complete only 24 months of the Cenikor Drug Program
when plaintiff contacted Attorney Gentle with information that
the Cenikor Program had changed it's criteria and length of in-
custody drug treatment by 6 months.

12. Plaintiff entered Cenikor Drug Treatment Program on Febuary 5, 1999 as Ordered by Judges Riley and Burger.

13. Plaintiff states that Officer Erica Moore of the Texas Probation and Parole contacted Missouri Probation and Parole and informed them that plaintiff had completed 24 months of the Cenikor Program in accordance to the information supplied when signed up.

14. Plaintiff states that Judge Riley did not find plaintiff guilty of violating the conditions of probation and released plaintiff from the probation supervision.

15. Plaintiff states that Parole Officer Elizabeth J. Sabina instructed plaintiff to waive plaintiff's revocation hearing as she had obtained mutual agreement from Juge's Riley and Burger that plaintiff would be released from probation. (see attachment)

16. Plaintiff states that Elizabeth J. Sabina personally wrote out those instructions to which Officer Sabina stated had been provided by the two courts. (see attachments)

17. Records will show that plaintiff's boss paid that fine imposd upon him by the court and that Tom O'Sullivan paid that fine on the instructions and pretense that the information given him by Officer Sabina was the truth as she personally informed him of the courts actions and intentions to release plaintiff.

18. Plaintiff states that this information may be amended as information by recall may occur since this case happened so far in the past.

July _12_ , 2007                           Respectfully Submitted,

_Jerry Davis_

Subscribed and sworn before me this _12th_ day of July 2007.

MY COMMISSION EXPIRES:

_____
Notary

RICKEY L. FISHER
Notary Public - State of Missouri
County of Howell
My Commission Expires Aug. 22, 2008